JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
The Health Consultants Group, LLC

**DEFENDANTS**
Jeffrey Richter

(b) County of Residence of First Listed Plaintiff: Hartford
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dutchess County, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hassett & George PC, 945 Hopmeadow Street, Simsbury, CT 06070

Attorneys (If Known)
Timothy M. Herring, Esq., Chipman Mazzucco, Land & Pennarola, LLC, 39 Old Ridgebury Rd., Suite D-2, Danbury, CT 06810

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. Sec. 1332
Brief description of cause: Breach of contract, CUTPA, breach of fiduciary duty, tortious interference w/business

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of $ 100,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: 11/30/2012
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HEALTH CONSULTANTS GROUP, LLC, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | REMOVED FROM THE CONNECTICUT SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF HARTFORD AT HARTFORD |
| JEFFREY RICHTER, | ) | |
| Defendant. | ) | |
| | ) | November 30, 2012 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the Defendant Jeffrey Richter ("Defendant") hereby files this Notice of Removal, removing this action to the United States District Court for the District of Connecticut from the Connecticut Superior Court, Judicial District of Hartford at Hartford (Docket No. HHD-CV 12-5036559-S) where it is pending. In support of this Notice of Removal, Defendant states the following:

1. The Plaintiff, The Health Consultants Group, LLC, ("Plaintiff") commenced this action by service of a Notice of Application For Prejudgment Remedy/Claim For Hearing To Contest Application Or Claim Exemption, Application For Prejudgment Remedy, Certification, Exhibit A-Affidavit In Support Of Application For Prejudgment Remedy, Exhibit B-Complaint, Statement of Demand, Exhibit A, Notice and Claim Form, Certification, Order Re Hearing, Notice Regarding Hearing, unsigned Order Granting Preliminary Injunction and Certification. In

accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and other papers served upon Defendant in this action are attached hereto as Exhibit A.

2. A Connecticut State Marshal served all of the foregoing papers on the Secretary of State for the State of Connecticut, the duly authorized agent for out-of-state individuals pursuant to Connecticut General Statutes § 52-59b, on November 13, 2012, and appears to have mailed the same to Defendant, which was returned. A copy of the State Marshal's return of Service is attached hereto as Exhibit B. Accordingly, this Notice of Removal is timely because it is made within thirty (30) days from Defendant's receipt of the initial pleading. *See* 28 U.S.C. §1446(b).

3. The basis for jurisdiction in this court is diversity of citizenship under 28 U.S.C. § 1332. The Plaintiff and Defendant are citizens of different states, and, therefore, there is complete diversity among the parties.

(a) For purposes of diversity, the Defendant is a citizen of New York.

(b) For purposes of diversity, the Plaintiff is a citizen of the State of Connecticut. The Plaintiff is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of its members. *Handelsman v. Bedford Village Associates Limited Partnership*, 213 F.3d 48 (2d Cir. 2000). The Business Inquiry form concerning Plaintiff from the website of the Secretary of the State of Connecticut, which is attached hereto as Exhibit C, indicates that Plaintiff has two members/principals: Brien Beakey and Beverly Kelly. Both Mr. Beakey and Ms. Kelly are citizens of Connecticut.[1]

---

[1] The Plaintiff's website lists additional individuals as "partners." Defendant has insufficient information to determine whether these individuals are legally members of Plaintiff. Nevertheless, the Defendant conducted a diligent search into the citizenship of these "partners," who may or may not be members of the Plaintiff, and none is a citizen of New York. The citizenship of those "partners" consists of Rhode Island, Connecticut and Massachusetts.

4. More than $75,000, exclusive of interest and costs, is in controversy in this action. The Notice of Application For Prejudgment Remedy/Claim for Hearing to Contest Application or Claim Exemption and the Complaint seek damages in excess of $15,000 or more and other relief in addition to or in lieu of money damages. Additionally, Paragraph 6 of the Affidavit in Support of Application for Prejudgment Remedy states, "[a]s a direct and proximate result of [Defendant] Richter's conduct, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual commissions." Similarly, Paragraph 10 of the Complaint alleges, "[a]s a direct and proximate result of defendant's conduct, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual commissions." Accordingly, the Plaintiff has alleged damages of hundred of thousands of dollars. Therefore, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

5. Accordingly, the requirements of 28 U.S.C. § (a)(1) are satisfied, and the Court would have original subject matter jurisdiction over this action if it had been filed originally in federal court. Therefore, removal is proper under 28 U.S.C. § 1441(a).

6. A copy of this Notice of Removal is being filed with the Clerk of the Superior Court for the Judicial District of Hartford, and will be served on all adverse parties, as required by 28. U.S.C § 1446(d).

WHEREFORE, the Defendant respectfully requests that this Court assume jurisdiction of this action and issue such other further orders as may be necessary.

THE DEFENDANT,
JEFFREY RICHTER

By: ______________________________

Timothy M. Herring (ct26523)
Chipman, Mazzucco, Land & Pennarola, LLC
39 Old Ridgebury Road, Suite D-2
Danbury, CT 06810
Tel: (203) 744-1929, Ext. 19
Fax: (203) 790-5954
E-mail: tmh@danburylaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing NOTICE OF REMOVAL was mailed this 30th day of November, 2012, via first class mail, postage prepaid, to the following:

Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(Plaintiff)

Clerk of the Superior Court of Connecticut
Judicial District of Hartford
95 Washington Street
Hartford, CT 06106

______________________________
Timothy M. Herring

# EXHIBIT A

**NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION**

JD-CV-53 Rev. 7-01
C.G.S. §§ 52-278c et seq.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

COURT USE ONLY: CLPJRA Application For PJR | CLPJRHG Contest PJR Application (If Section III Completed)

INSTRUCTIONS TO PLAINTIFF/APPLICANT

1. Complete section I in connection with all prejudgment remedies EXCEPT ex parte prejudgment remedies and submit to the Clerk along with your application and other required documents.
2. Upon receipt of signed order for hearing from clerk, serve this form on defendant(s) with other required documents.

## SECTION I - CASE INFORMATION (To be completed by Plaintiff/Applicant)

[X] Judicial District [ ] Housing Session [ ] G.A. No. ____

COURT ADDRESS: 95 Washington Street, Hartford, CT 06106

Has a temporary restraining order been requested? [ ] YES [X] NO

AMOUNT, LEGAL INTEREST, OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS ("X" one of the following)
[ ] LESS THAN $2500
[ ] $2500 THROUGH $14,999.99
[X] $15,000 OR MORE
("X" if applicable)
[X] CLAIMING OTHER RELIEF IN ADDITION TO OR IN LIEU OF MONEY DAMAGES

C L P J R A

NAME OF CASE (First-named plaintiff vs. First-named defendant): The Health Consultants Group, LLC v. Jeffrey Richter

[ ] SEE ATTACHED FORM JD-CV-67 FOR CONTINUATION OF PARTIES

CASE TYPE (From Judicial Branch code list) MAJOR: C MINOR: 90
NO. COUNTS: 4

NAME AND ADDRESS OF PLAINTIFF/APPLICANT (Person making application for Prejudgment Remedy) (No., street, town and zip code)
The Health Consultants Group, LLC, 40 Corporate Avenue, Plainville, CT 06062

NAME(S), ADDRESS(ES) AND TELEPHONE NO(S). OF DEFENDANT(S) AGAINST WHOM PREJUDGMENT REMEDY IS SOUGHT (No., street, town and zip code) (Attach additional sheet if necessary)
Jeffrey Richter, 124 Cedar Avenue, Poughkeepsie, New York 12603-4725 (845) 485-7366 or (845) 225-7087

NAME AND ADDRESS OF ANY THIRD PERSON HOLDING PROPERTY OF DEFENDANT WHO IS TO BE MADE A GARNISHEE BY PROCESS PREVENTING DISSIPATION

FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:
NAME AND ADDRESS OF ATTORNEY, LAW FIRM OR PLAINTIFF IF PRO SE (No., street, town and zip code): Hassett & George, P.C., 945 Hopmeadow Street, Simsbury, CT 06070

| TELEPHONE NO. | JURIS NO. (If atty. or law firm) | SIGNED | DATE SIGNED |
|---|---|---|---|
| 860-651-1333 | 047894 | [signature] | 11/5/2012 |

## SECTION II - NOTICE TO DEFENDANT

You have rights specified in the Connecticut General Statutes, including Chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing:
(1) to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you;
(2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy;
(3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and
(4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.

You may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond in connection with the prejudgment remedy. **The hearing may be requested by any proper motion or by completing section III below and returning this form to the superior court at the Court Address listed above.**

You have a right to appear and be heard at the hearing on the application to be held at the above court location on:

| DATE | TIME | COURTROOM |
|---|---|---|
| December 3, 2012 | 9:30 A.M. | 3 |

## SECTION III - DEFENDANT'S CLAIM AND REQUEST FOR HEARING (To be completed by Defendant)

I, the defendant named below, request a hearing to contest the application for prejudgment remedy, claim an exemption or request the posting or substitution of a bond. I claim: ("X" the appropriate boxes)

[ ] that the amount sought in the application for prejudgment remedy is unreasonably high.
[ ] a defense, counterclaim, set-off, or exemption.
[ ] that any judgment that may be rendered is adequately secured by insurance.
[ ] that I be allowed to substitute a bond for the prejudgment remedy.
[ ] that the plaintiff be required to post a bond to secure me against any damages that may result from the prejudgment remedy.

C L P J R H G

FOR COURT USE ONLY

2012 NOV -6 P

OFFICE OF THE CLERK SUPERIOR COURT HARTFORD

I certify that a copy of the above claim was mailed/delivered to the Plaintiff or the Plaintiff's attorney on the Date Mailed/Delivered shown below.

A TRUE COPY ATTEST [signature]

| DATE COPY(IES) MAILED/DELIVERED | SIGNED (Defendant) | DATE SIGNED |
|---|---|---|
| | | |

TYPE OR PRINT NAME AND ADDRESS OF DEFENDANT

DOCKET NO. PJR CV 12 5036559

| NAME OF EACH PARTY SERVED* | ADDRESS AT WHICH SERVICE WAS MADE* |
|---|---|
| | |

*If necessary, attach additional sheet with names of each party served and the address at which service was made.

| | | |
|---|---|---|
| RETURN DATE:<br>Docket No: | : | SUPERIOR COURT |
| THE HEALTH CONSULTANTS GROUP, LLC | :<br>:<br>: | JUDICIAL DISTRICT OF HARTFORD<br>AT HARTFORD |
| VS. | : | |
| JEFFREY RICHTER | : | NOVEMBER 5, 2012 |

**APPLICATION FOR PREJUDGMENT REMEDY**

TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF HARTFORD AT HARTFORD:

Pursuant to Connecticut General Statutes §52-278a, *et seq.*, the Plaintiff-Applicant, The Health Consultants Group, LLC d/b/a The Health Solutions Insurance Agency, LLC (hereinafter, "Applicant"), respectfully applies to this Court for an Order granting the Applicant an injunction directing that:

a. For a two year period following the termination of his employment with Plaintiff (September 4, 2012), Defendant shall not directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

b. Defendant shall not disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by

Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

In support of its Application, the Applicant submits an Affidavit attached hereto as **Exhibit A** and further represents as follows:

1. That on November 5, 2012, the Applicant commenced a lawsuit against Defendants in the Judicial District of Hartford at Hartford, which is known as *The Health Consultants Group, LLC d/b/a The Health Solutions Insurance Agency, LLC. v. Jeffrey Richter*, Return Date November 27, 2012, and the defendant has yet to file an appearance. A copy of the Applicant's complaint is attached hereto as **Exhibit B**;

2. That there is probable cause that a judgment granting plaintiff the requested permanent injunctive relief, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the Applicant;

3. That plaintiff will be irreparably harmed if the requested relief is not granted; and

4. That plaintiff has no adequate remedy at law.

APPLICANT:

By: ____________________

Michael Conroy

ATTEST A TRUE COPY

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 5th day of November, 2012, to the following counsel and pro se parties of record:

Phillips Lytle, LLP.
Richard Marinaccio, Esq.
Omni Plaza
30 South Pearl Street
Albany, NY 12207

Michael Conroy

ATTEST: A TRUE COPY

# EXHIBIT A

## Affidavit in Support of PJR

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No:

THE HEALTH CONSULTANTS GROUP, LLC : JUDICIAL DISTRICT OF HARTFORD AT HARTFORD

VS. :

JEFFREY RICHTER : NOVEMBER 5, 2012

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR PREJUDGMENT REMEDY

I, Brien Beakey, being duly sworn, do depose and say:

1. I am over the age of eighteen (18) years.

2. I believe in the duty and obligation of an oath.

3. I am the President of Health Consultants Group, LLC the plaintiff/applicant in this action and have been substantially involved in the facts and circumstances which are the subject of this action.

4. Based upon my personal knowledge, I can state that there is probable cause to sustain the validity of the Applicant's claim.

5. In my opinion, the following facts are sufficient to show that there is probable cause that judgment will be rendered for the Applicant:

a. The Health Consultants Group, LLC, is a Connecticut corporation with a primary place of business located in Plainville, Connecticut, and is engaged primarily in the marketing and sale of health insurance plans to employers of various types and sizes throughout the United States.

b. Jeffrey Richter is an individual who, upon information and belief, currently resides at 124 Cedar Avenue, Poughkeepsie, New York. Mr. Richter was

employed full time by the Plaintiff as an insurance agent from approximately November 5, 2003 through September 4, 2012.

c. During the course of his employment with Plaintiff, Defendant had access to, and regularly utilized, sensitive trade secret information of the Plaintiff, including, but not limited to, customer lists and the identities and contact information for the Plaintiff's clients.

d. On November 5, 2003, Defendant signed the attached Agreement (Exhibit A), promising that he would not, inter alia;

i) For a two year period following the termination of his employment with Plaintiff, directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

ii) Disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

e) On September 12, 2012, Richter appears to have caused all data on his work computer supplied by Plaintiff to be professionally deleted, so as to prevent recovery of such data.

f) Defendant announced his resignation from Plaintiff on September 4, 2012.

g) By September 12, 2012, defendant began working for Rose and Kiernan Insurance, a direct competitor of Plaintiff.

h) Almost immediately upon commencing employment with Rose and Kiernan, defendant began soliciting customers and clients of Plaintiff by utilizing Plaintiff's sensitive trade secret customer lists and client information, obtained by him during the course of his employment with Plaintiff, and wrongfully retained by him subsequent to his resignation.

i) As of this date, Mr. Richter has wrongfully obtained approximately ten (10) of Plaintiff's customers in violation of the Contract.

j) Mr. Richter has breached the Contract in at least the following ways:

i) Disclosing the identities and contact information for Plaintiff's customers to Rose and Kiernan, and/or utilizing same for Defendant's own benefit and/or the benefit of Rose and Kiernan, in direct violation of paragraph 6 of the Contract;

ii) soliciting and selling to Plaintiff's customers in direct competition with Plaintiff, in violation of paragraph 7 of the Contract.

6. As a direct and proximate result of Richter's conduct, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual commissions.

7. Plaintiff has no adequate remedy at law, defendant agreed, in the contract, to the necessity of injunctive relief in this type of situation, and unless temporary injunctive relief is granted as requested, plaintiff will be additionally severely and permanently damaged via continuing wrongful siphoning of its business by Richter.

Brien Beakey

STATE OF CONNECTICUT )
) ss: Simsbury
COUNTY OF HARTFORD )

Submitted and sworn to, before me, this 5th day of November, 2012.

~~Commissioner of the Superior Court~~
Notary Public
My Commission Expires:

RUTH FELDMAN
NOTARY PUBLIC
MY COMMISSION EXPIRES 9/30/15

ATTEST:
A TRUE COPY