# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HEALTH CONSULTANTS GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 3:12-cv-01692 |
| v. | ) ) ) ) ) ) ) | REMOVED FROM THE CONNECTICUT SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF HARTFORD AT HARTFORD |
| JEFFREY RICHTER, | ) ) ) | |
| Defendant. | ) ) ) | November 30, 2012 |

## NOTICE OF PENDING MOTION

Pursuant to Local Court Rule, Standing Order on Removed Cases, the Defendant Jeffrey Richter ("Defendant") hereby notifies the Court that the following motion was pending in the state court action (Connecticut Superior Court, Judicial District of Hartford at Hartford, Docket No. HHD-CV 12-5036559-S) at time of removal and requires action by a Judge of this Court:

(i) Application for Prejudgment Remedy, seeking an injunction.

A true and complete copy of the Application for Prejudgment Remedy and all supporting papers are attached hereto as Exhibit A.

THE DEFENDANT,
   JEFFREY RICHTER

By: _____
Timothy M. Herring (ct26523)
Chipman, Mazzucco, Land & Pennarola, LLC
39 Old Ridgebury Road, Suite D-2
Danbury, CT 06810
Tel: (203) 744-1929, Ext. 19
Fax: (203) 790-5954
E-mail: tmh@danburylaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF PENDING MOTION was mailed this 30th day of November, 2012, via first class mail, postage prepaid, to the following:

Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(Plaintiff)

_____
Timothy M. Herring

# EXHIBIT A

# NOTICE OF APPLICATION FOR PREJUDGMENT REMEDY/CLAIM FOR HEARING TO CONTEST APPLICATION OR CLAIM EXEMPTION

JD-CV-53 Rev. 7-01
C.G.S. §§ 52-278c et seq.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

**INSTRUCTIONS TO PLAINTIFF/APPLICANT**
1. Complete section I in connection with all prejudgment remedies EXCEPT ex parte prejudgment remedies and submit to the Clerk along with your application and other required documents.
2. Upon receipt of signed order for hearing from clerk, serve this form on defendant(s) with other required documents.

**COURT USE ONLY**
CLPJRA — Application For PJR
CLPJRHG — Contest PJR Application (If Section III Completed)

## SECTION I - CASE INFORMATION (To be completed by Plaintiff/Applicant)

[X] Judicial District  [ ] Housing Session  [ ] G.A. No. ___

**COURT ADDRESS:** 95 Washington Street, Hartford, CT 06106

Has a temporary restraining order been requested? [ ] YES  [X] NO

**AMOUNT, LEGAL INTEREST, OR PROPERTY IN DEMAND, EXCLUSIVE OF INTEREST AND COSTS IS** ("X" one of the following)
[ ] LESS THAN $2500
[ ] $2500 THROUGH $14,999.99
[X] $15,000 OR MORE
("X" if applicable)
[X] CLAIMING OTHER RELIEF IN ADDITION TO OR IN LIEU OF MONEY DAMAGES

**NAME OF CASE** (First-named plaintiff vs. First-named defendant)
The Health Consultants Group, LLC v. Jeffrey Richter

[ ] SEE ATTACHED FORM JD-CV-67 FOR CONTINUATION OF PARTIES

**CASE TYPE** (From Judicial Branch code list)  MAJOR: C   MINOR: 90
**NO. COUNTS:** 4

**NAME AND ADDRESS OF PLAINTIFF/APPLICANT:** The Health Consultants Group, LLC, 40 Corporate Avenue, Plainville, CT 06062

**NAME(S), ADDRESS(ES) AND TELEPHONE NO(S). OF DEFENDANT(S):** Jeffrey Richter, 124 Cedar Avenue, Poughkeepsie, New York 12603-4725 (845) 485-7366 or (845) 225-7087

NAME AND ADDRESS OF ANY THIRD PERSON HOLDING PROPERTY OF DEFENDANT WHO IS TO BE MADE A GARNISHEE BY PROCESS PREVENTING DISSIPATION

**FOR THE PLAINTIFF(S) ENTER THE APPEARANCE OF:** Hassett & George, P.C., 945 Hopmeadow Street, Simsbury, CT 06070

**TELEPHONE NO.:** 860-651-1333
**JURIS NO.:** 047894
**DATE SIGNED:** 11/5/2012

## SECTION II - NOTICE TO DEFENDANT

You have rights specified in the Connecticut General Statutes, including Chapter 903a, that you may wish to exercise concerning this application for a prejudgment remedy. These rights include the right to a hearing:
(1) to object to the proposed prejudgment remedy because you have a defense to or set-off against the action or a counterclaim against the plaintiff or because the amount sought in the application for the prejudgment remedy is unreasonably high or because payment of any judgment that may be rendered against you is covered by any insurance that may be available to you;
(2) to request that the plaintiff post a bond in accordance with section 52-278d of the General Statutes to secure you against any damages that may result from the prejudgment remedy;
(3) to request that you be allowed to substitute a bond for the prejudgment remedy sought; and
(4) to show that the property sought to be subjected to the prejudgment remedy is exempt from such a prejudgment remedy.

You may request a hearing to contest the application for a prejudgment remedy, assert any exemption or make a request concerning the posting or substitution of a bond in connection with the prejudgment remedy. The hearing may be requested by any proper motion or by completing section III below and returning this form to the superior court at the Court Address listed above.

You have a right to appear and be heard at the hearing on the application to be held at the above court location on:

**DATE:** December 3, 2012   **TIME:** 9:30 A.M.   **COURTROOM:** 3

## SECTION III - DEFENDANT'S CLAIM AND REQUEST FOR HEARING (To be completed by Defendant)

I, the defendant named below, request a hearing to contest the application for prejudgment remedy, claim an exemption or request the posting or substitution of a bond. I claim: ("X" the appropriate boxes)

[ ] that the amount sought in the application for prejudgment remedy is unreasonably high.
[ ] that any judgment that may be rendered is adequately secured by insurance.
[ ] that the plaintiff be required to post a bond to secure me against any damages that may result from the prejudgment remedy.
[ ] a defense, counterclaim, set-off, or exemption.
[ ] that I be allowed to substitute a bond for the prejudgment remedy.

I certify that a copy of the above claim was mailed/delivered to the Plaintiff or the Plaintiff's attorney on the Date Mailed/Delivered shown below.

DATE COPY(IES) MAILED/DELIVERED | SIGNED (Defendant) | DATE SIGNED

TYPE OR PRINT NAME AND ADDRESS OF DEFENDANT

NAME OF EACH PARTY SERVED* | ADDRESS AT WHICH SERVICE WAS MADE*

**DOCKET NO.:** PJR-CV-12-5036559

*If necessary, attach additional sheet with names of each party served and the address at which service was made.

RETURN DATE: : SUPERIOR COURT
Docket No:

THE HEALTH CONSULTANTS : JUDICIAL DISTRICT OF
GROUP, LLC : HARTFORD
: AT HARTFORD

VS. :

JEFFREY RICHTER : NOVEMBER 5, 2012

## APPLICATION FOR PREJUDGMENT REMEDY

TO THE SUPERIOR COURT FOR THE JUDICIAL DISTRICT OF HARTFORD AT HARTFORD:

Pursuant to Connecticut General Statutes §52-278a, *et seq.*, the Plaintiff-Applicant, The Health Consultants Group, LLC d/b/a The Health Solutions Insurance Agency, LLC (hereinafter, "Applicant"), respectfully applies to this Court for an Order granting the Applicant an injunction directing that:

a. For a two year period following the termination of his employment with Plaintiff (September 4, 2012), Defendant shall not directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

b. Defendant shall not disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by

Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

In support of its Application, the Applicant submits an Affidavit attached hereto as **Exhibit A** and further represents as follows:

1. That on November 5, 2012, the Applicant commenced a lawsuit against Defendants in the Judicial District of Hartford at Hartford, which is known as *The Health Consultants Group, LLC d/b/a The Health Solutions Insurance Agency, LLC. v. Jeffrey Richter*, Return Date November 27, 2012, and the defendant has yet to file an appearance. A copy of the Applicant's complaint is attached hereto as **Exhibit B**;

2. That there is probable cause that a judgment granting plaintiff the requested permanent injunctive relief, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the Applicant;

3. That plaintiff will be irreparably harmed if the requested relief is not granted; and

4. That plaintiff has no adequate remedy at law.

APPLICANT:

By: _____
Michael Conroy

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 5th day of November, 2012, to the following counsel and pro se parties of record:

Phillips Lytle, LLP.
Richard Marinaccio, Esq.
Omni Plaza
30 South Pearl Street
Albany, NY 12207

Michael Conroy

# EXHIBIT A

Affidavit in Support of PJR

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No:

THE HEALTH CONSULTANTS : JUDICIAL DISTRICT OF
GROUP, LLC : HARTFORD
: AT HARTFORD
VS. :

JEFFREY RICHTER : NOVEMBER 5, 2012

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR PREJUDGMENT REMEDY

I, Brien Beakey, being duly sworn, do depose and say:

1. I am over the age of eighteen (18) years.
2. I believe in the duty and obligation of an oath.
3. I am the President of Health Consultants Group, LLC the plaintiff/applicant in this action and have been substantially involved in the facts and circumstances which are the subject of this action.
4. Based upon my personal knowledge, I can state that there is probable cause to sustain the validity of the Applicant's claim.
5. In my opinion, the following facts are sufficient to show that there is probable cause that judgment will be rendered for the Applicant:

   a. The Health Consultants Group, LLC, is a Connecticut corporation with a primary place of business located in Plainville, Connecticut, and is engaged primarily in the marketing and sale of health insurance plans to employers of various types and sizes throughout the United States.

   b. Jeffrey Richter is an individual who, upon information and belief, currently resides at 124 Cedar Avenue, Poughkeepsie, New York. Mr. Richter was

employed full time by the Plaintiff as an insurance agent from approximately November 5, 2003 through September 4, 2012.

c. During the course of his employment with Plaintiff, Defendant had access to, and regularly utilized, sensitive trade secret information of the Plaintiff, including, but not limited to, customer lists and the identities and contact information for the Plaintiff's clients.

d. On November 5, 2003, Defendant signed the attached Agreement (Exhibit A), promising that he would not, inter alia;

    i) For a two year period following the termination of his employment with Plaintiff, directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

    ii) Disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

e)   On September 12, 2012, Richter appears to have caused all data on his work computer supplied by Plaintiff to be professionally deleted, so as to prevent recovery of such data.

f)      Defendant announced his resignation from Plaintiff on September 4, 2012.

g) By September 12, 2012, defendant began working for Rose and Kiernan Insurance, a direct competitor of Plaintiff.

h) Almost immediately upon commencing employment with Rose and Kiernan, defendant began soliciting customers and clients of Plaintiff by utilizing Plaintiff's sensitive trade secret customer lists and client information, obtained by him during the course of his employment with Plaintiff, and wrongfully retained by him subsequent to his resignation.

i) As of this date, Mr. Richter has wrongfully obtained approximately ten (10) of Plaintiff's customers in violation of the Contract.

j) Mr. Richter has breached the Contract in at least the following ways:

i) Disclosing the identities and contact information for Plaintiff's customers to Rose and Kiernan, and/or utilizing same for Defendant's own benefit and/or the benefit of Rose and Kiernan, in direct violation of paragraph 6 of the Contract;

ii) soliciting and selling to Plaintiff's customers in direct competition with Plaintiff, in violation of paragraph 7 of the Contract.

6. As a direct and proximate result of Richter's conduct, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual commissions.

7. Plaintiff has no adequate remedy at law, defendant agreed, in the contract, to the necessity of injunctive relief in this type of situation, and unless temporary injunctive relief is granted as requested, plaintiff will be additionally severely and permanently damaged via continuing wrongful siphoning of its business by Richter.

_____
Brien Beakey

STATE OF CONNECTICUT    )
                        ) ss: Simsbury
COUNTY OF HARTFORD      )

Submitted and sworn to, before me, this 5th day of November, 2012.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires:

RUTH FELDMAN
NOTARY PUBLIC
MY COMMISSION EXPIRES 9/30/15

ATTEST:
A TRUE COPY