EXHIBIT B

Complaint

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No: :
:
THE HEALTH CONSULTANTS : J.D. OF HARTFORD
GROUP, LLC :
:
VS. : AT HARTFORD
:
JEFFREY RICHTER : NOVEMBER 5, 2012

COMPLAINT

FIRST COUNT: BREACH OF CONTRACT

1. The Plaintiff, The Health Consultants Group, LLC, is a Connecticut corporation with a primary place of business located in Plainville, Connecticut, and is engaged primarily in the marketing and sale of health insurance plans to employers of various types and sizes throughout the United States.

2. The defendant, Jeffrey Richter, is an individual who, upon information and belief, currently resides at 124 Cedar Avenue, Poughkeepsie, New York. Mr. Richter was employed full time by the Plaintiff as an insurance agent from prior to November 5, 2003 through September 4, 2012.

3. During the course of his employment with Plaintiff, Defendant had access to, and regularly utilized, sensitive trade secret information of the Plaintiff, including, but not limited to, customer lists and the identities and contact information for the Plaintiff's clients.

4. On November 5, 2003, Defendant signed the attached Agreement (Exhibit A), promising that he would not, inter alia;

   a. For a two year period following the termination of his employment with Plaintiff, directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

   b. Disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

5. On September 12, 2012, Defendant caused all data on his work computer supplied by Plaintiff to be professionally deleted, so as to prevent recovery of such data.

6. Defendant announced his resignation from Plaintiff on September 4, 2012.

7. By September 12, 2012, defendant began working for Rose and Kiernan Insurance, a direct competitor of Plaintiff.

8. Almost immediately upon commencing employment with Rose and Kiernan, defendant began soliciting customers and clients of Plaintiff by utilizing Plaintiff's sensitive trade secret customer lists and client information, obtained by him during the course of his employment with Plaintiff, and wrongfully retained by him subsequent to his resignation.

9. The actions of Defendant as set forth above constitute clear breaches of the Contract including, inter alia,

   a. Disclosing the identities and contact information for Plaintiff's customers to Rose and Kiernan, and/or utilizing same for Defendant's own benefit and/or the benefit of Rose and Kiernan, in direct violation of paragraph 6 of the Contract;

   b. soliciting and selling to Plaintiff's customers in direct competition with Plaintiff, in violation of paragraph 7 of the Contract.

10. As a direct and proximate result of defendant's conduct, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual commissions.

11. Pursuant to paragraph 8 of the Contract, Plaintiff is entitled to recover damages as well as obtain injunctive relief.

## SECOND COUNT: CUTPA

1.-10. Paragraphs One through Ten of the First Count are hereby incorporated and made Paragraphs One through Ten of this Third Count as if fully set forth herein.

11. Defendant Richter is a "person" within the meaning of C.G.S. § 42-110a(3).

12. Defendant Richter, knowing that Plaintiff reasonably relied upon his covenant not to compete or to reveal Plaintiff's sensitive trade secret information, nevertheless misappropriated Plaintiff's sensitive trade secret information with the intent of siphoning Plaintiff's business accounts, to the substantial harm of Plaintiff.

Hassett & George, P.C.   945 Hopmeadow Street, Simsbury, CT 06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

13. The conduct of the defendant Richter alleged herein constituted deceptive acts and practices within the meaning of Connecticut General Statute Section 42-110b(a) in the conduct of the trade or commerce of commercial property managers and property maintenance contractors, in that said conduct constituted a series of material misrepresentations or omissions likely to mislead a consumer such as the plaintiff acting reasonably under the circumstances.

14. As a result of the defendants' deceptive acts and practices within the meaning of Connecticut General Statute Section 42-110b(a), the plaintiffs failed to receive the coverage and benefits required by the policy of insurance at issue herein and have incurred severe financial losses.

**THIRD COUNT: BREACH OF FIDUCIARY DUTY**

1.-10. Paragraphs One through Ten of the First Count are hereby incorporated and made Paragraphs One through Ten of this Third Count as if fully set forth herein.

11. Defendant had a specific duty to act for the benefit of plaintiff in the faithful administration of its customer accounts, and in maintaining the integrity and confidentiality of its client/customer lists.

12. Plaintiff reasonably depended on Defendant to faithfully administer its accounts generally, and specifically to maintain the integrity and confidentiality of its client/customer lists, while not interfering with the business relationships between Plaintiff and its customers.

13. Defendant Richter violated that relationship of dependency and trust as aforesaid.

14. As a direct and proximate result of defendant's breaches, Plaintiff has lost and been deprived of business worth hundreds of thousands of dollars in annual premiums.

FOURTH COUNT: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

1.-10. Paragraphs One through Ten of the First Count are hereby incorporated and made Paragraphs One through Ten of this Third Count as if fully set forth herein.

11. Defendant has and continues to interfere with Plaintiff's business relationships as aforesaid, including, but not limited to, actively soliciting Plaintiff's customers, which he knows to have ongoing accounts with Plaintiff.

12. Defendant's actions are willful and malicious, and motivated by the desire for personal financial gain to the financial detriment of Plaintiff.

WHEREFORE, The Plaintiff Claims:

1. Money damages;

2. Pre and post judgment interest;

3. Damages pursuant to Connecticut General Statutes Section 42-110g(a) in the amount of $15,000.00 or more exclusive of interests and costs;

4. Punitive damages pursuant Connecticut General Statutes Section 42-110g(a);

5. Reasonable attorneys fees and costs pursuant to Connecticut General Statutes Section 42-110g(d) and/or Article VI of the Parties' Management Agreement;

6. Punitive Damages;

7. An injunction directing that:

   a. For a two year period following the termination of his employment with Plaintiff, Defendant not directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the time of termination of his employment with Plaintiff or during one year prior thereto, was a customer of Plaintiff, or to any other person, whether or not a customer of Plaintiff, whose insurance business was solicited by Defendant during his employment with Plaintiff.

   b. Defendant not disclose any information regarding the names and/or identities of any of Plaintiff's customers, including customers solicited or procured by Defendant, to any third parties whatsoever or attempting to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

8. Such other legal or equitable relief that the Court may deem appropriate.

PLAINTIFF,
The Health Consultants Group, LLC

By: _____
Michael C. Conroy, Esq.
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 651-1333
Juris No. 407894

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No: :
 :
THE HEALTH CONSULTANTS : J.D. OF HARTFORD
GROUP, LLC :
 :
 : AT HARTFORD
VS. :
 : NOVEMBER 5, 2012
JEFFREY RICHTER :

## STATEMENT OF DEMAND

The Plaintiff, The Health Consultants Group, LLC, hereby claims damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of interest and costs.

PLAINTIFF,
The Health Consultants Group, LLC

By: _____
Michael C. Conroy, Esq.
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
(860) 651-1333
Juris No. 407894

# Exhibit A

*(2003)*

*[Handwritten note: "Confirm in writing this one no longer valid."]*

## AGREEMENT CONCERNING
## TERMS AND CONDITIONS OF EMPLOYMENT

THIS AGREEMENT, made as of the 5th day of November, 2003 Between Jeffrey Richter of the State of New York hereinafter referred to as "Employee" and THE HEALTH CONSULTANTS GROUP, LLC f/k/a THE MANAGED CARE GROUP, LLC, a Connecticut corporation with its principal office in the Town of West Hartford, County of Hartford and State of Connecticut, also doing business in the State of New York and THE HEALTH SOLUTIONS INSURANCE AGENCY, LLC with its principal place of business in the State of Massachusetts, hereinafter referred to as "Company";

W I T N E S S E T H:

WHEREAS, the Company wishes to employ or continue the employment of Employee in the conduct of its business, and

WHEREAS, the parties have agreed to certain terms and conditions of such employment as more specifically hereinafter set forth,

NOW, THEREFORE, in consideration of the employment or continued employment of Employee by the Company and in further consideration of the mutual obligations of the parties hereinafter set forth, it is agreed between the parties hereto as follows:

1. The Company hereby employs Employee and Employee hereby accepts employment by the Company on the terms and conditions hereinafter set forth.

2. This Agreement shall be in effect retroactive from the date Employee commenced employment with Employer, either as a subcontractor (1099) or direct employment, and thereafter with regard to the provisions of Paragraphs 6 and 7 hereof, for the further periods set for in such Paragraphs. Notwithstanding the indefinite period of this Agreement, either party may, at any time during the term of this Agreement, terminate the employment of the Employee by the Company, and upon such termination by either party, all rights and obligations of the parties hereunder shall cease, except the aforesaid continuing obligations set forth in Paragraphs 6 and 7 hereof.

3. Employee shall be paid compensation in the form of commissions and other compensation as is set forth by the Company.

4. Employee shall perform such duties as shall, from time to time, be assigned by the Company. Employee shall devote all of his normal business time and efforts to the performance of such duties. Nothing hereof shall be construed so as to prevent Employee from engaging as an investor in other business

-1-

(2003)

enterprises. The Employee shall not, however, without the express prior written consent of the Company, directly or indirectly, engage in the insurance sales or servicing business on behalf of anyone other than the Company, in any capacity whatsoever including that of an investor. Employee acknowledges that all insurance business which he produces during the term of this Agreement and prospective business which he solicits during such term belong exclusively to the Company, and that compensation and other benefits provided for in accordance with this Agreement represent payment in full for all services rendered by Employee and the insurance business resulting therefrom.

5. The Company agrees that during the term of Employee's employment hereunder it will furnish Employee with such facilities and services as are reasonably required for the performance of the Employee's duties hereunder.

6. Employee agrees that all names of Company's customers, including customers solicited or procured by Employee and all information pertaining to such customers are highly valuable, confidential trade secrets of the Company, and that the Company has the sole and exclusive right to such information. Employee agrees that he will not, at any time during the term of this Agreement or thereafter, disclose any of such information to any third parties whatsoever or attempt to utilize such information for his own use or benefit or for the benefit of any third parties whatsoever.

7. Employee agrees that for a period of two (2) years next succeeding the date of termination of his full time employment or subcontracting term by the Company for any reason whatsoever and whether such termination is initiated by the Company or by Employee, Employee will not, directly or indirectly for his own account or in any capacity on behalf of any other person or entity, sell any contract of insurance of any kind or nature whatsoever or solicit the sale thereof to any person who, at the date of such termination or during one (1) year prior thereto, was a customer of the Company, or to any other person, whether or not a customer of the Company, whose insurance business was solicited by Employee during the term of his employment.

8. Employee agrees that in the event of a breach by him of the provisions of Paragraph 6 and 7 above, the Company shall be entitled, in addition to the recovery of damages for such breach, to appropriate injunctive relief to be issued by any court of competent jurisdiction.

-2-



9. The use of the masculine gender in this Agreement shall be determined to include the feminine or neuter gender when and if appropriate.

10. This Agreement shall be binding upon the parties hereto and their respective heirs, successors, personal representatives and assigns.

11. This Agreement shall be construed in accordance with the laws of the State of Connecticut.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year first above written.

WITNESS:

EMPLOYEE

_____
Jeffrey Richter

WITNESS:

THE HEALTH CONSULTANTS
GROUP, LLC and
THE HEALTH SOLUTIONS INSURANCE
AGENCY, LLC

By: _____
BRIEN F. BEAKEY
Its Managing Member

-3-

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No:

THE HEALTH CONSULTANTS : JUDICIAL DISTRICT OF
GROUP, LLC : HARTFORD
: AT HARTFORD
VS. :

JEFFREY RICHTER : NOVEMBER 5, 2012

## NOTICE AND CLAIM FORM

To: Jeffrey Richter

YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES, INCLUDING 903a, THAT YOU MAY WISH TO EXERCISE CONCERNING THIS APPLICATION FOR PREJUDGMENT REMEDY. THESE RIGHTS INCLUDE THE RIGHT TO A HEARING: (1) TO OBJECT TO THE PROPOSED PREJUDGMENT REMEDY BECAUSE YOU HAVE A DEFENSE OR TO SET-OFF AGAINST THE ACTION OR A COUNTERCLAIM AGAINST THE PLAINTIFFS OR BECAUSE THE AMOUNT SOUGHT IN THE APPLICATION FOR THE PREJUDGMENT REMEDY IS UNREASONABLY HIGH OR BECAUSE PAYMENT OF ANY JUDGMENT THAT MAY BE RENDERED AGAINST YOU IS COVERED BY ANY INSURANCE THAT MAY BE AVAILABLE TO YOU; (2) TO REQUEST THAT THE PLAINTIFF POST A BOND IN ACCORDANCE WITH SECTION 52-278d OF THE GENERAL STATUTES TO SECURE AGAINST YOU ANY DAMAGES THAT MAY RESULT FROM THE PREJUDGMENT REMEDY; (3) TO REQUEST THAT YOU BE ALLOWED TO SUBSTITUTE A

BOND FOR THE PREJUDGMENT REMEDY SOUGHT; AND (4) TO SHOW THAT THE PROPERTY SOUGHT TO BE SUBJECTED TO THE PREJUDGMENT REMEDY IS EXEMPT FROM SUCH A PREJUDGMENT REMEDY.

IF YOU CHOSE TO CONTEST THIS APPLICATION FOR A PREJUDGMENT REMDY OR TO ASSERT A CLAIM OF EXEMPTION FROM SUCH PREJUDGMENT REMEDY, YOU ARE ADVISED THAT YOU MAY REQUEST A HEARING BY ANY PROPER MOTION, OR RETURN TO THE SUPERIOR COURT A SIGNED CLAIM FORM THAT INDICATES WHAT TYPE OF CLAIM, EXEMPTION, ASSERTION OR REQUEST THAT YOU ARE MAKING.

Dated at Simsbury, Connecticut this 5th day of November, 2012.

APPLICANT:

By: _____
Michael Conroy

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 5th day of November, 2012, to the following counsel and pro se parties of record:

Phillips Lytle, LLP.
Richard Marinaccio, Esq.
Omni Plaza
30 South Pearl Street
Albany, NY 12207

Michael Conroy

ATTEST:
A TRUE COPY

CV12-5036559

RETURN DATE: NOVEMBER 27, 2012 : SUPERIOR COURT
Docket No:

THE HEALTH CONSULTANTS : JUDICIAL DISTRICT OF
GROUP, LLC : HARTFORD
: AT HARTFORD
VS. :

JEFFREY RICHTER : NOVEMBER 5, 2012

### ORDER RE HEARING

The above application having been presented to the Court, it is hereby ORDERED, that a hearing be held thereon on _December 3, 2012_ at _9:30_ o'clock in the _fore_ noon, and that the plaintiff give notice to the defendant in accordance with Section 52-278c of the general statutes of the pendency of the application and of the time when it will be heard, ~~by mailing a~~ _Service in accordance with CT General Statutes 52-278c,_ a copy of the application, summons, affidavit, complaint, and this order, to the Defendant, Jeffrey Richter, on or before _November 15, 2012_.

Dated at Hartford, Connecticut, this _6th_ day of November, 2012.
BY THE COURT,

_Adam Bulewich, JC_
~~Judge~~/Clerk

Hearing in Courtroom 3

at

95 Washington St., Hartford, CT.